**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (030204)
Christopher J. Bendau (032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Facsimile: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Nichole Friedman**,<br><br>Plaintiff,<br><br>vs.<br><br>**Ugly Pool Syndicate Inc.**, an Arizona limited liability company; and **Brian W. Morris and Jane Doe Morris**, a married couple,<br><br>Defendants. | No.<br><br>**VERIFIED COMPLAINT** |

Plaintiff, Nichole Friedman ("Plaintiff" or "Nichole Friedman"), sues the Defendants, Ugly Pool Syndicate Inc., Brian W. Morris and Jane Doe Morris (collectively, all Defendants are referred to as "Defendants" or "We Fix Ugly Pools") and alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an action for unpaid minimum wages and overtime wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., unpaid minimum wages under the Arizona

-1-

Minimum Wage Act ("AMWA"), Arizona Revised Statutes ("A.R.S.") § 23-362, et seq. and unpaid wages under the Arizona Wage Act ("AWA") A.R.S. § 23-350, et seq.

2. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981). Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks. See 29 U.S.C. § 206(a). Under the FLSA, employers must pay all non-exempt employees one and one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek. See 29 U.S.C § 207.

3. Plaintiff brings this action against Defendants for their unlawful failure to pay minimum wage and overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201-219 ("FLSA").

4. Plaintiff brings this action against Defendants for their unlawful failure to pay minimum wage in violation of the AMWA, A.R.S. § 23-362, et seq.

5. Plaintiff brings this action against Defendants for their unlawful failure to pay all wages due and owing in violation of the AWA, A.R.S. § 23-350, et seq.

6. This is an action for unpaid wages, liquidated damages, interest, attorneys' fees, and costs under the FLSA and minimum wages under the AMWA.

7. The AMWA, A.R.S § 23-363, et seq., establishes a minimum wage within the State of Arizona.

8. The AWA, A.R.S. § 23-350, et seq., establishes standards for wage payments to employees within the State of Arizona.

**JURISDICTION AND VENUE**

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of the United States. This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

**PARTIES**

11. At all times material to the matters alleged in this Complaint, Plaintiff was an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

12. At all material times, Defendant Ugly Pool Syndicate Inc. was a corporation duly licensed to transact business in the State of Arizona. At all material times, Defendant Ugly Pool Syndicate Inc. does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

13. Defendant Ugly Pool Syndicate Inc. is an Arizona limited liability company, authorized to do business in the State of Arizona and is at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

14. Under the FLSA, Defendant Ugly Pool Syndicate Inc. is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant Ugly Pool Syndicate Inc. had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendants in relation to We Fix Ugly Pools' employees, Defendant Ugly Pool Syndicate Inc. is subject to liability under the FLSA.

15. Defendants Brian W. Morris and Jane Doe Morris are, upon information and belief, husband and wife. They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable. Defendants Brian W. Morris and Jane Doe Morris are owners of We Fix Ugly Pools and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

16. Under the FLSA, Defendants Brian W. Morris and Jane Doe Morris are employers. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendants Brian W. Morris and Jane Doe Morris had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As persons who acted in the

interest of Defendants in relation to We Fix Ugly Pools' employees, Defendants Brian W. Morris and Jane Doe Morris are subject to individual liability under the FLSA.

17. Defendants, and each of them, are sued in both their individual and corporate capacities.

18. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

19. At all relevant times, Plaintiff was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

20. The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

21. At all relevant times, Defendants were and continue to be "employers" as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

22. The provisions set forth in the A.R.S. Title 23, Articles 7 and 8 apply to Defendants.

23. At all relevant times, Plaintiff was an "employee" of Defendants as defined by A.R.S. § 23-362.

24. At all relevant times, Defendants were and continue to be "employers" of Plaintiff as defined by A.R.S. § 23-362.

25. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

26. On information and belief, Plaintiff, in her work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2021.

27. On information and belief, Plaintiff, in her work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2022.

28. On information and belief, Plaintiff, in her work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2023.

29. On information and belief, Plaintiff, in her work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2024.

30. At all relevant times, Plaintiff, in her work for Defendants, was engaged in commerce or the production of goods for commerce.

31. At all relevant times, Plaintiff, in her work for Defendants, was engaged in interstate commerce.

32. Plaintiff, in her work for Defendants, regularly handled goods produced or transported in interstate commerce.

## FACTUAL ALLEGATIONS

33. We Fix Ugly Pools is an enterprise that is a pool repair and maintenance company doing business in the Phoenix Metropolitan Area.

34. In or around February 2017, Plaintiff began working for Defendants performing work related to pool design and restoration.

35. At all relevant times, Plaintiff was compensated, or supposed to be compensated, at a rate of $1,000 per week or certain commissions, whichever was greater.

36. Plaintiff, in her work for Defendants, was compensated, or supposed to be compensated, at a rate of $1,000 per week or certain commissions, regardless of the number of hours she worked in a given workweek.

37. Plaintiff, in her work for Defendants, was compensated, or supposed to be compensated, at a rate of $1,000 per week or certain commissions, regardless of the number of hours she worked in a given workweek, and regardless of whether she worked in excess of 40 hours in a given workweek.

38. At all relevant times, Plaintiff was an employee, as defined by the FLSA, 29 U.S.C. § 201 et seq.

39. Plaintiff worked for Defendants through approximately November 10, 2024.

40. Throughout Plaintiff's employment with Defendants, Plaintiff has typically worked approximately between 55 and 60 hours or more per week.

41. In Plaintiff's final approximately between 14 and 16 workweeks, Defendants paid Plaintiff only twice – once in August 2024 and once in September 2024.

42. Beyond those two paychecks, Defendants did not pay Plaintiff any wages whatsoever for approximately between 12 and 14 workweeks.

43. As a result of Defendants' failure to pay Plaintiff for such hours worked, Defendants violated the FLSA and 29 U.S.C. § 206(a). "The reality is that, under the FLSA, payment of minimum wages is late if not made on payday." *Mayweathers v. Iconic Results LLC*, 2020 WL 8181700, at *2 (D. Ariz. Nov. 10, 2020) ("And by stating that the payment was not made on April 3, Defendants implicitly conceded that the payment was late…For this reason, the Court must find that Defendants violated Section 206"), citing *Biggs v. Wilson*, 1 F.3d 1537, 1543 (9th Cir. 1993) ("We are therefore satisfied that our conclusion, that payment of minimum wages is late if not done on payday, is in line with the view of other courts").

44. As a result of failing to pay Plaintiff for such hours worked, Defendants failed to compensate Plaintiff at least the statutory minimum wage for all hours worked in in her final approximately between 14 and 16 workweeks.

45. As a result of Defendants' failure to compensate Plaintiff at least the statutory minimum wage for such hours worked, Defendants violated the FLSA, 29 U.S.C. § 206(a).

46. As a result of Defendants' failure to compensate Plaintiff at least the statutory minimum wage for such hours worked, Defendants violated the AMWA, A.R.S. § 23-363.

47. As a result of Defendants' failure to compensate Plaintiff all wages due and owing for such hours worked, Defendants violated the AWA, A.R.S., § 23-351.

48. At all relevant times, Plaintiff worked with knowledge of Defendants, and generally at Defendants' request, in excess of 40 hours per week during her employment with Defendants.

49. At all relevant times, Defendants did not pay Plaintiff one and one-half times her regular rate of pay for time spent working in excess of 40 hours in a given workweek.

50. At all relevant times, in her work for Defendants, and throughout almost every single workweek she worked for Defendants, Plaintiff worked in excess of 40 hours in a given workweek without receiving one and one-half times her regular rate of pay, in violation of the FLSA, 29 U.S.C. § 207(a).

51. Throughout the duration of Plaintiff's employment, Defendants failed to compensate Plaintiff for any of her overtime hours.

52. Defendants' failure to pay Plaintiff one and one-half times the applicable hourly rate of pay for all hours worked in excess of 40 per week violated 29 U.S.C. § 207.

53. Plaintiff is a covered employee within the meaning of the Fair Labor Standards Act ("FLSA").

54. Plaintiff is a covered employee within the meaning of the Arizona Minimum Wage Act.

55. At all relevant times, Plaintiff is a non-exempt employee.

56. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of her rights under the FLSA.

57. Defendants wrongfully withheld wages from Plaintiff by failing to pay all wages due for hours Plaintiff worked.

58. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

59. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid minimum and overtime wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

60. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal to twice the unpaid minimum wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under A.R.S § 23-363.

61. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for her unpaid wages at an hourly rate, to be proven at trial, in an amount that is treble the amount of her unpaid wages, plus interest thereon, and her costs incurred under A.R.S. § 23-355.

### COUNT ONE: FAIR LABOR STANDARDS ACT
### FAILURE TO PAY OVERTIME

62. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

63. At all relevant times, Plaintiff was a non-exempt employee entitled to statutorily mandated overtime wages.

64. In a given workweek, Defendants failed to pay one and one-half times the applicable regular rate of pay for all hours worked in excess of 40 hours in a given workweek.

65. As a result of Defendants' failure to pay Plaintiff one and one-half times the regular rate for all hours worked in excess of 40 per week in a given workweek, Defendants failed and/or refused to pay Plaintiff the applicable overtime rate for all hours worked for the duration of her employment, in violation of 29 U.S.C. § 207.

66. As a result of Defendants' failure to compensate Plaintiff the applicable overtime rate for all hours worked, Defendants violated the FLSA.

67. As such, the full applicable overtime rate is owed for all hours that Plaintiff worked in excess of 40 hours per week.

68. Defendants have and continue to violate the FLSA by not paying Plaintiff a wage equal to one- and one-half times the applicable regular rate of pay for all time Plaintiff spent working for Defendants.

69. Plaintiff is therefore entitled to compensation one and one-half times her regular rate of pay for all hours worked in excess of 40 per week at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, costs, and reasonable attorney fees.

**WHEREFORE**, Plaintiff, Nichole Friedman, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendants violated overtime wage provisions of the FLSA, 29 U.S.C. § 207(a) by failing to pay proper overtime wages;

B. For the Court to award Plaintiff's unpaid overtime wage damages, to be determined at trial;

C. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F. Such other relief as this Court shall deem just and proper.

### COUNT TWO: FAIR LABOR STANDARDS ACT FAILURE TO PAY MINIMUM WAGE

70. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

71. As a result of failing to compensate Plaintiff any wage whatsoever for the final approximately between 14 and 16 workweeks of her employment, Defendants failed or refused to pay Plaintiff the FLSA-mandated minimum wage.

72. Defendants' practice of failing or refusing to pay Plaintiff at the required minimum wage rate violated the FLSA, 29 U.S.C. § 206(a).

73. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Nichole Friedman, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.  For the Court to declare and find that the Defendants violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a) by failing to pay proper minimum wages;

B.  For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C.  For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D.  For the Court to award prejudgment and post-judgment interest;

E.  For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F.  Such other relief as this Court shall deem just and proper.

### COUNT THREE: ARIZONA MINIMUM WAGE ACT FAILURE TO PAY MINIMUM WAGE

74. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

75. As a result of failing to compensate Plaintiff any wage whatsoever for the final approximately between 14 and 16 workweeks of her employment, Defendants failed or refused to pay Plaintiff the Arizona-mandated minimum wage.

76. Defendant's practice of failing or refusing to pay Plaintiff at the required minimum wage rate violated the AMWA, A.R.S. § 23-363.

77. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional amount equal to twice the underpaid wages as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Nichole Friedman, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendants violated minimum wage provisions of the AMWA, A.R.S. § 23-363, by failing to pay proper minimum wages;

B. For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C. For the Court to award compensatory damages, including liquidated damages pursuant to A.R.S. § 23-364, to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to A.R.S. § 23-364 and all other causes of action set forth herein;

F.    Such other relief as this Court shall deem just and proper.

**COUNT FOUR: ARIZONA WAGE ACT
FAILURE TO PAY WAGES DUE AND OWING
UGLY POOL SYNDICATE INC., ONLY**

78.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

79.    As a result of the allegations contained herein, the Defendant Ugly Pool Syndicate Inc. did not compensate Plaintiff wages due and owing to her.

80.    Defendant Ugly Pool Syndicate Inc. engaged in such conduct in direct violation of A.R.S. § 23-350.

81.    Defendant Ugly Pool Syndicate Inc. acted unreasonably and in bad faith in failing to pay Plaintiff the wages due and owing to her.

82.    Defendant Ugly Pool Syndicate Inc. sought to delay payment without reasonable justification and to defraud Plaintiff of wages earned.

83.    As such, unpaid wages for such time Plaintiff worked are owed to Plaintiff by the Entity Defendants.

84.    Plaintiff is therefore entitled to compensation for her unpaid wages at an hourly rate, to be proven at trial, in an amount that is treble the amount of her unpaid wages, plus interest thereon, and her costs incurred.

**WHEREFORE**, Plaintiff, Nichole Friedman, requests that this Court grant the following relief in Plaintiff's favor, and against Defendant Ugly Pool Syndicate Inc.:

A. For the Court to declare and find that Defendant Ugly Pool Syndicate Inc. violated the unpaid wage provisions of A.R.S. § 23-350, et seq., by failing to pay wages due and owing to Plaintiff;

B. For the Court to award an amount that is treble Plaintiff's unpaid wages pursuant to A.R.S. § 23-355, in amounts to be determined at trial;

C. For the Court to award prejudgment and post-judgment interest on any damages awarded;

D. For the Court to award Plaintiff's reasonable attorneys' fees and costs of the action and all other causes of action set forth in this Complaint; and

E. Such other relief as this Court deems just and proper.

### JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 9th day of January 2025.

                BENDAU & BENDAU PLLC

                By: /s/ *Clifford P. Bendau, II*
                Christopher J. Bendau
                Clifford P. Bendau, II
                *Attorneys for Plaintiff*

## **VERIFICATION**

Plaintiff, Nichole Friedman, declares under penalty of perjury that she has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on her personal knowledge, except as to those matters stated upon information and belief, and, as to those matters, she believes them to be true.

_____
Nichole Friedman (Jan 9, 2025 10:08 MST)
Nichole Friedman